JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

E-filing

FILED
DEC 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD YAMOAH,

              Plaintiff,

       vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; KEVIN HEALY, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JASON KRISTAL, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ROBERT DOSS, individually and his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JON KASPER, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,

              Defendants.
_____/

Case No. C07-06336 BZ

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**

**JURY TRIAL DEMANDED**

INTRODUCTION

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, EDWARD YAMOAH ("YAMOAH"), is and was at all times herein mentioned readily recognizable as an African-American man and he is a citizen of the United States residing in Houston, Texas.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4. At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for Defendant CITY. She is being sued in her official capacity as Chief of Police for Defendant CITY.

5. At all times mentioned herein, Defendant KEVIN HEALY ("HEALY") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

6. At all times mentioned herein, Defendant JASON KRISTAL ("KRISTAL") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

7. At all times mentioned herein, Defendant ROBERT DOSS ("DOSS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

8. At all times mentioned herein, Defendant JON KASPER ("KASPER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

10. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

11. For state-law based causes of action Plaintiff is required to comply with an administrative claim requirement. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

12. On the night of December 28, 2006, Plaintiff EDWARD YAMOAH, a resident physician at Alameda County Medical Center Highland Hospital campus, was assaulted and battered by several San Francisco Police Officers in the parking lot of "Emerald Auto", an auto repair shop located at the corner of 12th Avenue and Judah Street in San Francisco, California.

13. At the time of the subject-incident on December 28, 2006, Plaintiff was in the process of moving from San Francisco where he lived near Emerald Auto and where he had recently graduated from medical school at UC San Francisco. Plaintiff had taken his old Acura Legend for repair to Emerald Auto where he knows the owners of the auto shop. Plaintiff had bought a second used 1991 Acura for spare parts to repair his old Acura Legend. The second Acura Legend broke down, with the engine smoking, as Plaintiff drove toward Emerald Auto. Plaintiff had the Acura towed to Emerald Auto, where the auto-shop owners had given him permission to drop the Acura off that night, even though Emerald Auto was closed at that hour. After opening the hood, Plaintiff determined that the Acura's water and oil were low. He closed the hood and walked several blocks to a gas station where he bought oil. On his way back to the vehicle Plaintiff stopped at a store and

1  purchased a flashlight. Plaintiff also got water for the Acura from his house where his roommates
2  still lived.

3      14.    Plaintiff returned to Emerald Auto and opened the hood to put oil in the engine.
4  Plaintiff noticed that a large American sedan circled the block several times.

5      15.    While Plaintiff was under the hood of the Acura putting oil into the engine a marked
6  San Francisco Police Department Vehicle pulled up to the lot of Emerald Auto. Defendant Officers
7  HEALY and KASPER, exited the vehicle and approached Plaintiff. Plaintiff greeted the officers. The
8  officers told Plaintiff to "Shut up." Without explanation, the officers ordered Plaintiff to drop his
9  flashlight and turn around. They told Plaintiff that he was under arrest. Plaintiff turned around and
10 asked the officers what he had done. Plaintiff told the officers that the Acura was his car and that he
11 lived in the area. Plaintiff told the officers that he just graduated from UCSF. Plaintiff held his hands
12 up after turning around in compliance with the officers' commands. Defendant Officer KASPER
13 took the flashlight from Plaintiff's hands and handcuffed Plaintiff's hands behind his back.

14     16.    Defendant Officer KASPER was situated on Plaintiff's right side and pushed Plaintiff
15 against the driver's side door of the Acura. Defendant Officer KASPER applied a painful amount of
16 pressure to Plaintiff's right elbow. Defendant Officer KASPER moved Plaintiff's right arm in an
17 unnatural motion upward and forward. The pain caused Plaintiff to yell that the officer was hurting
18 him. Plaintiff asked again what the problem was. Plaintiff asked the officers to calm down, but
19 neither officer responded to Plaintiff's requests. Plaintiff had his physician's ink-stamp in his shirt
20 pocket. Pressure applied by the officers caused the ink stamp to break.

21     17.    Defendant Officers HEALY and KASPER pat-searched Plaintiff and emptied his
22 pockets. They removed Plaintiff's wallet and car keys. Defendant Officer HEALY began to search
23 Plaintiff's Acura. Plaintiff asked the officers why they were searching his car and the younger
24 Defendant Officer again told Plaintiff to "shut up." Without any provocation, the Defendant Officer
25 KASPER suddenly kicked Plaintiff in the right leg above his ankle. Plaintiff asked the officer why
26 he kicked him, and the Defendant Officer KASPER responded, "Just doing my job." Defendant
27 Officer KASPER yanked Plaintiff's identification badge from his waist. The badge was issued by
28 Plaintiff's job and identified him as a doctor. Defendant Officer KASPER passed the badge to

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 4

Defendant Officer HEALY who was on the other side of the Acura. The officers did not respond to Plaintiff's request that they loosen his handcuffs.

18. Two other Defendant San Francisco Police officers arrived at the scene, including one noticeably large officer, who Plaintiff alleges to be Defendant Officer KRISTAL. Defendant Officer KRISTAL approached Plaintiff and punched him with a closed fist on the right side of Plaintiff's chest. The force of the punch caused Plaintiff to fall to the ground. Plaintiff asked the officer why he had punched him, Defendant Officer KRISTAL responded, "Because I want to." Defendant Officer KRISTAL then asked Plaintiff several times if Plaintiff liked "meth." Plaintiff told the officers that he did not use meth. The officers mocked Plaintiff by laughing at him. Plaintiff asked the officers to send a supervisor to the scene. An officer, who Plaintiff alleges to be Defendant Officer DOSS, arrived several minutes later and represented himself as the officers' supervisor. Plaintiff had asked the officers present for their names and badge numbers but Defendant Officers refused to provide them. Defendant Officer DOSS provided his name, but refused to provide the names of the other officers at the scene. The officers walked Plaintiff to the nearby residence that he was moving out of, where the title to the car was located. The officers opened to the door to the residence with Plaintiff's keys and asked Plaintiff's roommate if he knew Plaintiff. Plaintiff's roommate told the officers that he did know Plaintiff, and that he paid rent to Plaintiff. Plaintiff showed the officers his title to the Acura, and the officers removed the handcuffs and left the residence.

19. Plaintiff followed the officers out of the house and walked back to his Acura. Plaintiff found a cellular phone on the ground near the Acura and believed it to be one of the officers' phones. Plaintiff took the cellular phone to the Taraval police station, and Defendant Officer KASPER claimed the cellular phone as his.

20. Plaintiff was examined at Highland Hospital shortly after the subject-incident. Plaintiff suffered pain in his right shoulder that grew worse over the next two days. Plaintiff's shoulder was monitored medically over the next two months until an MRI performed in February, after the shoulder failed to heal, showed a tear to Plaintiff's right rotator cuff. Surgery on the torn rotator cuff was performed on May 16, 2007, after Plaintiff completed his residency.

21. On January 2, 2007 Plaintiff filed a complaint with the Office of Citizen Complaints against the officers involved in the subject-incident. Plaintiff was never arrested or charged with a crime resulting from the subject-incident.

22. Defendant Officer DOSS, the purported supervisor who responded to the scene of Plaintiff's arrest, subsequently prepared a report pertaining to the subject-incident. Defendant Officer DOSS, who was unable to spell Plaintiff's name correctly in the body of his report, made false claims in his report that appear designed to cast Plaintiff as litigious, threatening, and hysterical. DOSS's report claims that Plaintiff said "he wanted to speak with his attorney because he wanted to get paid for this incident." Plaintiff made no such statement or any equivalent statement. DOSS's report states "Yahoah (sic) stated that at any time he could have taken care of the officers because of his size versus their size. Yahoah (sic) stated that if he wanted to he could have beaten the officers," among other statements falsely attributed to Plaintiff YAMOAH by Defendant Officer DOSS. Defendant Officer DOSS's report containing false statements attributed to Plaintiff YAMOAH was prepared only after DOSS reviewed Defendant Officer KASPER's report of the incident and had discussions with Defendant Officer KASPER regarding KASPER's report. Plaintiff alleges that Defendant Officer DOSS prepared his report with the intent to wrongfully discredit Plaintiff's allegations of police misconduct.

23. The detention, search and use of force against Plaintiff on or about December 28, 2006 was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

24. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

25. As a proximate result of defendants' conduct, plaintiff suffered severe physical injury including a torn rotator cuff requiring surgery, wage loss, severe and extreme emotional distress, psychological and emotional injury, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

26. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27. In doing the acts complained of herein, Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that high ranking City of San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, and/or each of them.

30. Plaintiff is informed and believes and thereon alleges that, despite having such notice, Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

31. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, as well as the reckless and/or conscious disregard of the misconduct by Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

32. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

33. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

34. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35. As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN

FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

36. Plaintiff is further informed and believes that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

37. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

38. Plaintiff is further informed and believes that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

39. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants HEALY, KRISTAL, DOSS, KASPER, DOES 1-10, and/or each of them.

40. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

41. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION<br>(Assault and Battery)<br>(Against Defendants HEALY, KRISTAL, KASPER and DOES 1-10)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

44. These defendants' conduct was neither privileged nor justified under statute or common law.

45. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION<br>(False Imprisonment)<br>(Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, falsely imprisoned Plaintiff without probable cause. Plaintiff committed no crimes, and Plaintiff was

detained for an unreasonable period of time after Defendant Officers had reasonably determined that plaintiff had not committed any crime.

48. Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff while they falsely imprisoned him.

49. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51. The conduct of Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

52. As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 of this complaint.

54. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

55. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

56. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiff against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

57. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint.

58. The conduct of Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

59. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

60. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

61. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

NINTH CAUSE OF ACTION
(Negligence)
(Against Defendants CITY, HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

62. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 61 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

63. At all times herein mentioned, Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.

Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

64. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, and injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

65. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages against Defendant Officers HEALY, KRISTAL, DOSS, and KASPER;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against, and making false arrests of persons;
6. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
7. For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: December 3, 2007

**The Law Offices of John L. Burris**

/s/ *[signature]*
_____
John L. Burris
Attorney for Plaintiff