DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
BLAKE P. LOEBS, State Bar #145790
WARREN METLITZKY, State Bar # 220758
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3868  Loebs
Telephone:    (415) 554-3916  Metlitzky
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
CHIEF OF POLICE HEATHER FONG, OFFICER KEVIN HEALY,
OFFICER JON KASPER AND OFFICER ROBERT DOSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD YAMOAH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; KEVIN HEALY, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JASON KRISTAL, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ROBERT DOSS, individually and his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JON KASPER, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers, DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No. C07-06336 CW<br><br>**ANSWER TO COMPLAINT FOR DAMAGES ON BEHALF OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None set |

ANSWER TO COMPLAINT
CASE NO. C07-06336 CW

1

Defendants City and County of San Francisco, Heather J. Fong, in her official capacity only, Officer Kevin Healy, Officer Jon Kasper and Officer Robert Doss (collectively, "City" or 'Defendants") hereby respond to Plaintiff's Complaint ("Complaint") for damages as follows.

## JURISDICTION

1. With respect to the allegations contained in this paragraph, Defendants respond as follows: These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants respond as follows: Defendants admit that jurisdiction and venue are proper.

## PARTIES

2. Defendants admit that on December 28, 2006, Edward Yamoah ("Plaintiff") could have appeared to be an African-American male. With respect to the remainder of this paragraph Defendants lack sufficient information to either affirm or deny and on that basis it is denied.

3. Defendants admit that the City and County of San Francisco ("the City") is a municipal corporation and that the San Francisco Police Department ("SFPD") is a subdivision of the City and that all officers employed by the SFPD are employees of the City.

4. With respect to this paragraph Defendants admit that Heather J. Fong is the Chief of the SFPD and was the Chief of the SFPD on December 28, 2006. With respect to the remainder of this paragraph the allegations are to vague and non-specific to either admit or deny and on that basis are denied.

5. With respect to this paragraph Defendants admit that Officer Kevin Healy was a SFPD officer on December 28, 2006. With respect to the remainder of this paragraph the allegations are to vague and non-specific to either admit or deny and on that basis are denied.

6. With respect to this paragraph Defendants admit that Officer Jason Kristal was a SFPD officer on December 28, 2006. With respect to the remainder of this paragraph the allegations are to vague and non-specific to either admit or deny and on that basis are denied.

7. With respect to this paragraph Defendants admit that Officer Robert Doss was a SFPD officer on December 28, 2006. With respect to the remainder of this paragraph the allegations are to vague and non-specific to either admit or deny and on that basis are denied.

8. With respect to this paragraph Defendants admit that Officer Jon Kasper was a SFPD officer on December 28, 2006. With respect to the remainder of this paragraph the allegations are to vague and non-specific to either admit or deny and on that basis are denied.

9. This paragraph is merely a boilerplate, non-specific statement concerning doe Defendants to which no specific response can be made and on that basis it is denied.

10. With respect to this paragraph Plaintiff's allegations are merely legal conclusions and not factual allegations, to which no response is required. As to the remaining allegations in this paragraph, these allegations are denied.

11. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

**STATEMENT OF FACTS**

12. With respect to the allegations set forth in this paragraph, the allegations are too general to either admit nor deny and on that basis are denied.

13. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

14. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

15. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

16. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

17. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

18. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

19. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

20. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

21. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

22. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

23. With respect to the allegations set forth in this paragraph, these allegations are denied.

24. With respect to the allegations set forth in this paragraph, these allegations are denied.

25. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendant Officers HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)**

26. Defendants hereby incorporate by reference all previous responses as if set forth in full.

27. These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no response is required. To the extent that a response is required Defendants lack sufficient information to either affirm or deny these allegations and on that basis they are denied.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendants CITY, HEATHER FONG, and DOES 11-25)**

28. Defendants hereby incorporate by reference all previous responses as if set forth in full.

29. With respect to the allegations set forth in this paragraph, these allegations are denied.

30. With respect to the allegations set forth in this paragraph, these allegations are denied.

31. With respect to the allegations set forth in this paragraph, these allegations are denied.

32. These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's interpretation of the law, to which no response is required. To the extent that a response is required

1  Defendants lack sufficient information to either affirm or deny these allegations and on that basis they
2  are denied.

3      33.    These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's
4  interpretation of the law, to which no response is required. To the extent that a response is required
5  Defendants lack sufficient information to either affirm or deny these allegations and on that basis they
6  are denied.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)**

9      34.    Defendants hereby incorporate by reference all previous responses as if set forth in
10 full.

11     35.    With respect to the allegations set forth in this paragraph, these allegations are denied.
12     36.    With respect to the allegations set forth in this paragraph, these allegations are denied.
13     37.    With respect to the allegations set forth in this paragraph, these allegations are denied.
14     38.    With respect to the allegations set forth in this paragraph, these allegations are denied.
15     39.    With respect to the allegations set forth in this paragraph, these allegations are denied.

16     40.    These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's
17 interpretation of the law, to which no response is required. To the extent that a response is required
18 Defendants lack sufficient information to either affirm or deny these allegations and on that basis they
19 are denied.

20     41.    These allegations set forth Plaintiff's legal conclusions and opinions and Plaintiff's
21 interpretation of the law, to which no response is required. To the extent that a response is required
22 Defendants lack sufficient information to either affirm or deny these allegations and on that basis they
23 are denied.

**FOURTH CAUSE OF ACTION**
**(Assault and Battery)**
**(Against Defendants HEALY, KRISTAL, KASPER and DOES 1-10)**

26     42.    Defendants hereby incorporate by reference all previous responses as if set forth in
27 full.

28     43.    With respect to the allegations set forth in this paragraph, these allegations are denied.

44. With respect to the allegations set forth in this paragraph, these allegations are denied.

45. With respect to the allegations set forth in this paragraph, these allegations are denied.

### FIFTH CAUSE OF ACTION
### (False Imprisonment)
### (Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

46. Defendants hereby incorporate by reference all previous responses as if set forth in full.

47. With respect to the allegations set forth in this paragraph, these allegations are denied.

48. With respect to the allegations set forth in this paragraph, these allegations are denied.

49. With respect to the allegations set forth in this paragraph, these allegations are denied.

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

50. Defendants hereby incorporate by reference all previous responses as if set forth in full.

51. With respect to the allegations set forth in this paragraph, these allegations are denied.

52. With respect to the allegations set forth in this paragraph, these allegations are denied.

### SEVENTH CAUSE OF ACTION
### (Violation of Civil Code Section 51.7)
### (Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

53. Defendants hereby incorporate by reference all previous responses as if set forth in full.

54. With respect to the allegations set forth in this paragraph, these allegations are denied.

55. With respect to the allegations set forth in this paragraph, these allegations are denied.

56. With respect to the allegations set forth in this paragraph, these allegations are denied.

### EIGHTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Against Defendants HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

57. Defendants hereby incorporate by reference all previous responses as if set forth in full.

58. With respect to the alleadtions set forth in this paragraph, these allegations are denied.

59. With respect to the allegations set forth in this paragraph, these allegations are denied.

60. With respect to the allegations set forth in this paragraph, these allegations are denied.

61. With respect to the allegations set forth in this paragraph, these allegations are denied.

### NINTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants CITY, HEALY, KRISTAL, DOSS, KASPER and DOES 1-10)

62. Defendants hereby incorporate by reference all previous responses as if set forth in full.

63. With respect to the allegations set forth in this paragraph, these allegations are denied.

64. With respect to the allegations set forth in this paragraph, these allegations are denied.

### JURY DEMAND

65. Defendants hereby demand a jury trial.

### SEPARATE AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege the provisions of the California Tort Claims Act of the California Government Code as a measure of the duties of these answering Defendants.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff has failed to file a sufficient claim as required by California Government Code §910, *et seq*. and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the alleged injuries and damages of which Plaintiff complain in the Complaint herein were the proximate result of the sole negligence, acts, omissions or conduct of others, including, but not limited to, Plaintiff.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff knowingly, voluntarily, and

unreasonably assumed the risk of the conduct, event, and matters alleged in the Complaint and any damage or injury, if any there were, sustained by the Plaintiff was the proximate result of the risks so assumed.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that if in fact any force was used against Plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants alleges that at all times relevant to Plaintiff's Complaint herein, Plaintiff knowingly, voluntarily and willingly consented to the use of force upon Plaintiff's person.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that if in fact any force was used to effect the arrest and/or detention of the Plaintiff herein by Defendants' agents, officers or employees, such force was authorized and privileged pursuant to §§835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Plaintiff was under a duty pursuant to §834a of the California Penal Code to refrain from using force or a weapon to resist his arrest and/or detention; that Plaintiff breached this duty even though he knew or by the exercise of reasonable care should have known that he was being arrested and/or detained by a peace officer; that as a direct and proximate result of the Plaintiff's breach of this duty, Plaintiff is barred from recovering any loss or damage he may have incurred, if any there be.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that no more force was used on the Plaintiff's person than was necessary to effect detention and/or arrest, overcome any resistance thereto, prevent

escape there from, prevent injury to the officers and to facilitate and safeguard a valid police investigation.

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times material hereto the officers of the San Francisco Police Department had reasonable and probable cause to detain, restrain and arrest Plaintiff based on violations of the California Penal Code.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that members of the San Francisco Police Department are immune from any liability therein under the common law doctrine of immunity of police officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege as follows:

A. That at all times mentioned in Plaintiff's Complaint herein, Defendant City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B. That at all times mentioned in Plaintiff's Complaint herein, the City's agents were peace officers and police officers of the City and County of San Francisco; and at all times so mentioned was acting in the course and scope of their public office, service and employment;

C. That at all times mentioned in Plaintiff's Complaint herein, the City's agents acted in accordance with and pursuant to §§834, 834a 835, 835a, and 835 of the California Penal Code;

D. That at all times mentioned in Plaintiff's Complaint herein, police officers of the City and County of San Francisco had reasonable and probable cause to believe that Plaintiff committed one or more violations of the California Penal Code and/or probable cause to detain Plaintiff;

E. That at all times mentioned in Plaintiff's Complaint herein, police officers of the City and County of San Francisco were acting in good faith and without malice pursuant to the provisions of §§815, 815.2, 818, 820, 820.2, 820.4, 820.6, 820.8, 821 of the California Government Code;

1    F.    That as a consequence of the foregoing, Defendants and police officers of the City and County of San Francisco are immune from liability herein, and that the Plaintiff's cause or causes of action, if any, are barred by law.

AS AND FOR A FOURTEENTH, SEPARATE AND DISTRICT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the fault of persons other than Defendants or their agents contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff willfully, wantonly, maliciously, and unlawfully committed a vicious and violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the Plaintiff to defend said arresting officers from said violent and vicious assault on their persons; that the injuries, if any, and damages, if any, incurred by Plaintiff were proximately caused by the necessary use of said reasonable force on the person of Plaintiff and not otherwise; and that by reason of Plaintiff instituting said vicious and violent assault on the persons of said arresting officers, Plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, Plaintiff's claim, if any, is barred by law.

ANSWER TO COMPLAINT          10          c:\documents and settings\pcheeseb\desktop\yamoah\answer.doc
CASE NO.  C07-06336 CW

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff has failed to make out a cause of action under 42 U.S.C. § 1983 against any Defendant in this action, and specifically has failed to make out a claim for relief based on a *Monell* violation with regard to these answering Defendants.

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the peace officers were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Complaint, and each cause of action therein, is barred by the California Tort Claims Act, including but not limited to Government Code Sections 815(b); 815.2(b); 815.4; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.4; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; and the California Penal Code including, but not limited to Penal Code Sections 142, 143, 148, 409, 834a, 834, 834a, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; and by California Welfare & Institutions Code Section 5278, California Civil Code Section 1714.2, California Health & Safety Code Sections 1799.104 and 1799.106; and other appropriate provisions of law and each of said sections.

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Complaint, and each cause of action therein, is barred by the statutes of limitation as set forth in Section 945.6 of the California Government Code, and California Code of Civil Procedure Sections 312, *et seq.* and 335, *et seq.*

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in the Complaint, Defendants, their agents, officers and employees, had reasonable cause to investigate the matters at issue in the Complaint, and probable cause to arrest and/or detain Plaintiff.

1   AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Complaint fails to state a cause of action under the provisions of the United States Constitution cited by the Plaintiff and applicable to this action.

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their agents, officers and employees, in no way acted with malice or bad faith, nor did they intend to harm or deprive Plaintiff of any rights.

AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their employees, agents and officers, in no way based their treatment of Plaintiff on any group or identification to which he might belong including race, gender, sexual orientation, political affiliation, political beliefs, or any other classification.  At all times, Defendants and their agents acted properly in valid law enforcement activities.

AS AND FOR A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their employees, agents and officers, enjoy qualified immunity against each and every one of Plaintiff's federal claims.

AS AND FOR A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their employees, agents and officers, enjoy discretionary immunity against each and every one of Plaintiff's state claims.

AS AND FOR A TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that it is immune, under Government Code §818, from any assessment of punitive damages.

AS AND FOR A TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their agents, officers and employees, are immune from any liability and protected against the burden of litigation

1  under the doctrine of qualified immunity and the common law immunities protecting peace officers
2  and public officials.
3      AS AND FOR AN TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
4  DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in
5  Plaintiff's Complaint herein, Defendant's actions, and the actions of its employees, were subjectively
6  and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within
7  the scope of their employment herein.
8      AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
9  TO THE COMPLAINT, these answering Defendants allege that Plaintiff has failed to make out a
10 cause of action under the California Constitution, and/or California Civil Code § 51, *et seq.* against
11 these answering Defendants.
12     AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE
13 DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Plaintiff failed to
14 comply with the requirements of the California Tort Claims Act of the California Government Code
15 and therefore all claims of the Plaintiff is barred.  Also that Plaintiff's purported state causes of action
16 are limited to those factual allegations and theories of recovery set forth in Plaintiff's written
17 government tort claim, if any, and that to the extent that the Complaint attempts to enlarge or expand
18 upon those allegations and theories, the Complaint fails to state a cause of action and is barred
19 pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.
20     AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE
21 DEFENSE TO THE COMPLAINT, these answering Defendants plead that they have no liability to
22 Plaintiff as a result of the doctrines of Res Judicata, Collateral Estoppel, Unclean Hands, Laches, Plea
23 In Abatement, Intervening/Supervening Cause, Lack of Proximate Causation.
24     AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE
25 DEFENSE TO THE COMPLAINT, the Plaintiff has failed to exhaust his administrative and other
26 state remedies.
27
28

1     WHEREFORE, Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS pray for judgment against Plaintiff as follows:

    1.    That Plaintiff take nothing by his Complaint;

    2.    That judgment be entered in favor of Defendants;

    3.    That Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS be dismissed from this action;

    4.    That Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS be awarded its costs of suit, including reasonable attorney's fees; and

    5.    For such other and further relief as this Court may deem just.

Dated: February 20, 2008        DENNIS J. HERRERA
                                      City Attorney
                                      JOANNE HOEPER
                                      Chief Trial Deputy
                                      BLAKE P. LOEBS
                                      WARREN METLITZKY
                                      Deputy City Attorneys

                                By:  s/Warren Metlitzky
                                      BLAKE P. LOEBS
                                      WARREN METLITZKY

                                      Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG, OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all counts of Plaintiff's Complaint.

Dated: February 20, 2008

>DENNIS J. HERRERA
>City Attorney
>JOANNE HOEPER
>Chief Trial Deputy
>BLAKE P. LOEBS
>WARREN METLITZKY
>Deputy City Attorneys
>
>
>By:   s/Warren Metlitzky
>    BLAKE P. LOEBS
>    WARREN METLITZKY
>
>Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG, OFFICER KEVIN HEALY, OFFICER JON KASPER, AND OFFICER ROBERT DOSS