| | |
|---|---|
| 1 | DENNIS J. HERRERA, State Bar #139669 |
| | City Attorney |
| 2 | JOANNE HOEPER, State Bar #114961 |
| | Chief Trial Attorney |
| 3 | BLAKE P. LOEBS, State Bar #145790 |
| | WARREN METLITZKY, State Bar # 220758 |
| 4 | Deputy City Attorneys |
| | 1390 Market Street, 6th Floor |
| 5 | San Francisco, California 94102-5408 |
| | Telephone:     (415) 554-3868  Loebs |
| 6 | Telephone:     (415) 554-3916  Metlitzky |
| | Facsimile:     (415) 554-3837 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD YAMOAH, | Case No. C07-06336 CW |
| Plaintiff, | |
| | **DEFENDANTS' CASE MANAGEMENT STATEMENT** |
| vs. | |
| | Conf. Date:   April 8, 2008 |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; KEVIN HEALY, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JASON KRISTAL, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ROBERT DOSS, individually and his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JON KASPER, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers, DOES 1-25, inclusive, | Time:            2:00 p.m. |
| | Place:           Crtrm 2, 4th Fl. |
| | Trial Date:    None |
| Defendants. | |

In response to this Court's Case Management Conference Order, defendants submit the following Separate Case Management Statement. Initially, the parties conferred regarding submitting a joint case management conference statement, but on the date of filing plaintiff's counsel did not respond to telephone calls or emails from defendants. Consequently, to ensure timely filing, defendants submit the following separate case management conference statement.

1. **Jurisdiction and Service**

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and §1343 and supplemental jurisdiction to hear and decide claims arising under the laws of the State of California. Plaintiff sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights and numerous state statutes. Defendants do not contest personal jurisdiction or venue. To defendants' knowledge, Plaintiff has not yet served Defendant Jason Kristal.

2. **Facts**

Plaintiff seeks damages for false arrest and excessive force under the Fourth and Fourteenth Amendments of the federal Constitution; under California law for false imprisonment, assault and battery, intentional infliction of emotional distress, and negligence; and for racial discrimination in violation of the Unruh Act and the Bane Act, California Civil Code §§ 51 *et seq*. and §52.1.

**Defendants' Statement of Facts**

On December 28, 2006, at approximately 10:15 in the evening, SFPD Officers Healy and Kasper responded to a complaint that a 6'2" African-American male with a dark cap and dark coat was trying to steal a battery from a car in the Emerald Auto parking lot in the Sunset district of San Francisco. It was after-hours and Emerald Auto was closed. The officers arrived at the scene and observed Mr. Yamoah, who matched the description of the suspect, near an Acura and holding a flashlight. The officers identified themselves. Yamoah refused multiple orders by the officers to drop the flashlight. Officers approached Yamoah and Yamoah repeatedly attempted to pull away from officers when they tried to handcuff him for their own safety. Officer Kasper injured his elbow trying to handcuff Yamoah. Yamoah finally complied after he was told that he would be pepper sprayed if he did not stop resisting.

After he was handcuffed, Officer Kasper instructed Yamoah to spread his legs so that he could be searched for weapons. After Yamoah twice refused, Officer Kasper tapped Yamoah's leg with his foot, and Yamoah separated his legs. Thereafter, while Yamoah and Officer Kasper were between two cars, Yamoah began to approach the officers. Yamoah was pushed back against a car by Officer Kristal, who had arrived on scene, and Officer Kasper was able to gain better control over Yamoah. A short time later, Yamoah dropped to the ground and tried to twist away from the officers.

He was unsuccessful in escaping from the officers, and became compliant. Officer Kasper asked Yamoah if he was injured, and Yamoah responded that he was not.

At the scene, Yamoah stated at least once that he was a doctor. He later explained to Sergeant Doss that he knew that a "white woman" had called the police, and that he wanted to see how far the officers would go. He stated that he wanted to speak with his attorney because he was going to get paid for this incident. He also stated if he wanted to, he could have beaten the officers.

A vehicle check revealed that the Acura was not Yamoah's. Yamoah took officers, including Inspector Doss—who had arrived on scene—to his apartment nearby to find the DMV paperwork demonstrating that the car had been sold to Yamoah. The DMV paperwork was located, and Sergeant Doss removed the handcuffs from Yamoah. Yamoah complained that the handcuffs were too tight, but he refused the offer for an ambulance, and refused to let any officer photograph his wrists.

3.     **Legal Issues**

The primary legal issues are whether: (1) there is municipal liability, *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978); (2) the officers are entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982); (3) the officers had a reasonable suspicion that plaintiff had committed a crime or was armed and dangerous so as to justify detention; *Terry v. Ohio*, 392 U.S. 1 (1967); (4) the actions of the officers constituted an arrest requiring probable cause, *Morgan v. Woessner*, 997 F.2d 1244 (9th Cir. 1993); (5) if an arrest occurred, the officers had probable cause for an arrest, *Henry v. United States*, 361 U.S. 98 (1959); (6) the officers used excessive force in effecting the detention or arrest of plaintiff, *Graham v. Connor*, 490 U.S. 386 (1989); (7) any use of force by the officers was a privileged exercise of the right of self-defense and the defense of others; and (8) statutory immunities or other defenses shield the officers from liability under state law. These statutes include, without limitation, California Government Code sections 820.2 (discretionary immunity), 820.4 (immunity for acts, exercising due care, in enforcement of law), 820.8 (no liability for act or omission of another person); Penal Code sections 835 (allowance of reasonable force to make arrest), 835a (allowance of reasonable force to make arrest or overcome

resistance), 836.5 (no liability for arrest that officer had reasonable cause to believe was lawful), 839 (privilege to summon aid to make arrest).

### 4. **Motions**

The individual officer defendants intend to move for summary judgment based on qualified immunity. The City and Chief Fong in her official capacity intend to move for summary judgment for lack of evidence that the alleged injuries resulted from an official custom or policy, as required under *Monell*. If necessary, and depending on the evidence uncovered in discovery, the defendants may also move for summary judgment on the ground that no genuine issues of material fact exist, and the defendants are entitled to judgment as a matter of law.

### 5. **Amendment of Pleadings**

Defendants do not currently intend to seek to amend their respective pleadings.

### 6. **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence.

### 7. **Disclosures**

On April 1, 2008, the parties will serve their initial disclosures, identifying all persons with discoverable information that the parties may use to support their claims or defenses, and identifying all categories of documents and things in their possession, custody or control that they may use to support their claims or defenses.

### 8. **Discovery**

The parties have conducted no discovery to date. Defendants anticipate serving document requests, interrogatories, requests for admission, and taking depositions of the plaintiff, defendants, and percipient witnesses. Defendants agree to the discovery limits for depositions, interrogatories and requests for production in the Federal Rules of Civil Procedure. Defendants address the subjects contained in Rule 26(f) as follows:

(a) Changes to Initial Disclosure Requirements: Defendants do not contemplate any changes in the form or requirement for initial disclosures.

1  (b) Defendants anticipate discovery from percipient witnesses concerning the facts of the incident that gives rise to this action. Expert discovery on proper police practices will also be required.

(c) Defendants are unaware of any electronic discovery issues.

(d) Defendants currently do not contemplate any issues concerning claims of privilege or of protection as trial-preparation material.

(e) Defendants request a stay on any discovery relating solely to the issue of municipal liability under *Monell*, until after the parties have completed discovery, and the Court has heard dispositive motions and if necessary a trial, on the issues relating to individual liability. There can be no *Monell* liability without proof that an individual City employee inflicted constitutional harm. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355-56. If the individual defendants establish that they did not violate plaintiff's constitutional rights, plaintiff will have no viable claim under *Monell*. If there is a finding that individual defendants are liable, the City is obliged to indemnify them under the City Charter, and *Monell* would provide no greater recovery. Thus, to avoid distracting, time-consuming discovery on *Monell* issues that ultimately could prove to be irrelevant and unnecessary – typically inquiries about incidents unrelated to the subject incident – defendants request that the Court first allow the parties to complete their discovery on individual liability, and hear dispositive motions as to those issues, and if necessary try the action on the basis of individual liability before conducting any discovery and trial on *Monell* issues.

**9. Class Actions**

Not applicable.

10. **Related Cases**

None, to defendants' knowledge.

11. **Relief**

Plaintiff seeks special damages of an unspecified amount, general damages of $1,000,000, punitive damages against the individual officers and attorneys fees, injunctive relief against SFPD policies, state statutory damages and the cost of suit.

12. **Settlement and ADR**

There have been no ADR efforts to date. The parties have agreed to mediation. Exchange of initial written discovery, and depositions of plaintiff, percipient witnesses, and of the key officer defendants should precede any mediation. Motions need not necessarily precede the mediation.

13. **Consent to Magistrate for All Purposes**

Defendants have declined to consent to have a magistrate judge conduct further proceedings.

14. **Other References**

Defendants do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

As discussed above, defendants request bifurcation of discovery and trial, postponing any *Monell* discovery until a later phase. Defendants will also request bifurcation at trial, postponing any trial of *Monell* liability until after the resolution of the issues of individual defendant liability.

Plaintiff will oppose such bifurcation.

16. **Expedited Schedule**

Defendants do not believe an expedited schedule is appropriate.

17. **Scheduling:**

**Defendants' Proposed Schedule**

Defendants propose the following discovery schedule on non-*Monell* claims:

| | |
|---|---|
| Close of Regular Discovery: | January 16, 2009 |
| Deadline for Hearing Dispositive Motions: | January 30, 2009 |
| Expert Disclosure: | January 23 , 2009 |
| Rebuttal Expert Disclosure: | February 27, 2009 |
| Close of Expert Discovery: | March 20, 2009 |
| Pretrial conference: | May 22, 2009 |
| Trial: | June 22 , 2009 |

18. **Trial**

Defendants request a trial by jury. They expect the trial will last ten to 14 days.

19.     **Disclosure of Non-party Interested Entities or Persons**

The individual defendants have filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16.  Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report.  By the terms of Rule 3-16, defendants City and County of San Francisco and Heather Fong, sued in her official capacity, are exempt from the certification requirement.

Dated:  April 1, 2008

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy
                        BLAKE P. LOEBS
                        WARREN METLITZKY
                        Deputy City Attorneys

                        By:_____/s/_____
                        WARREN METLITZKY
                        Attorneys for Defendants