JOHN L. BURRIS, State Bar # 69888
ADANTÉ D. POINTER, State Bar # 236229
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiff
**EDWARD YAMOAH**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD YAMOAH,<br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; KEVIN HEALY, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JASON KRISTAL, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ROBERT DOSS, individually and his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; JON KASPER, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers, DOES 1-25, inclusive,<br>    Defendants. | Case No. C07-06336 CW<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Conf. Date:    April 8, 2008<br>Time:    2:00 p.m.<br>Place:    Crtrm 2, 4th Fl.<br><br>Trial Date:    None |

In response to this Court's Case Management Conference Order, plaintiff submits the following Case Management Statement. The parties intended to submit a Joint Case Management Statement, however plaintiff's counsel was unavailable to confer with the defendant's counsel due to an unexpected court appearance.

1. **Jurisdiction and Service**

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and §1343 and supplemental jurisdiction to hear and decide claims arising under the laws of the State of California. He sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights and numerous state statutes.

2. **Facts**

On the night of December 28, 2006, plaintiff Edward Yamoah, who at that time was a resident physician at Alameda County Medical Center Highland Hospital campus, was assaulted and battered by several San Francisco Police Officers in the parking lot of "Emerald Auto", an auto repair shop located in the City of San Francisco.

On the night in question, Mr. Yamoah was in the parking lot of Emerald Auto working on his car. As he was peering under the hood, a San Francisco Police Department patrol car pulled into the parking lot. Two Officers got out of the car. Mr. Yamoah greeted the Officers and they told him to "shut up." The Officers ordered him to turn around and place his hands behind his back. Mr. Yamoah then handcuffed him and conducted a pat search that yielded no contraband.

Mr. Yamoah informed the Officers that he had just graduated from UCSF medical school, that he lived nearby and had permission from Emerald Auto's owner to bring his car to the parking lot. Nevertheless, the Defendant Officers viciously grabbed Plaintiff about his right arm, kicked him in the leg and slammed his upper body against the car. The Officers then proceeded to search the car. That search yielded no contraband or weapons.

Next, two additional San Francisco Police Officers arrived on the scene. One of the Officers approached him and punched him with a closed fist on the right side of his chest. The force of the blow dropped Mr. Yamoah to the ground. Mr. Yamoah asked why the Officer punched him, to which the Officer responded "because he wanted to."

Another Officer arrived on scene and identified himself as the Officers' supervisor. Mr. Yamoah explained why he was in the parking lot and advised them that he could provide written documentation proving he owned the car. The Officers then took him to his residence. Once at the home, Mr. Yamoah found the title to the car and showed it to the Officers. The Officers finally took the handcuffs off and left the without so much as offering an apology.

As a result of this incident, Mr. Yamoah incurred a torn rotator cuff. He later underwent multiple surgeries and to this day has yet to regain the full use and enjoyment of his right arm. The injury poses a significant challenge to his medical career and recreational pursuits.

Mr. Yamoah seeks damages for false arrest and excessive force under the Fourth and Fourteenth Amendments of the federal Constitution; under California law for false imprisonment, assault and battery, intentional infliction of emotional distress, and negligence; and for violating the Unruh Act and the Bane Act, California Civil Code §§ 51.7 and §52.1.

2. **Legal Issues**

The primary legal issues are whether:

(1) the Officers had reasonable suspicion to detain Mr. Yamoah

(2) the Officers' had probable cause to arrest Mr. Yamoah

(3) the Officers' used excessive and/or unreasonable force to detain and/or arrest Mr. Yamoah

(4) the Officers' are shielded from liability due to any applicable qualified immunities

(5) the municipality is liable either directly or indirectly for the Officers' conduct

(6) any municipal policy, practice or custom proximately caused the violation of Mr. Yamoah's rights

3. **Motions**

Plaintiff's do not anticipate filing any motions. However, a motion to compel will be filed should the defendants seek to prevent the disclosure of the individual officers' personnel records (disciplinary, complaint and pre-employment background records).

4.   **Amendment of Pleadings**

Plaintiff does not currently intend to seek to amend his Complaint.

5.   **Evidence Preservation**

Plaintiff is preserving such evidence as is in his possession.

6.   **Disclosures**

Plaintiff has made the necessary initial disclosures.

7.   **Discovery**

The parties have conducted no discovery to date. The parties anticipate serving document requests, interrogatories, requests for admission, and taking depositions of the plaintiff, defendants, and percipient witnesses. The parties agree to the discovery limits for depositions, interrogatories and requests for production in the Federal Rules of Civil Procedure. The parties address the subjects contained in Rule 26(f) as follows:

(a)   Changes to Initial Disclosure Requirements: The parties do not contemplate any changes in the form or requirement for initial disclosures.

(b)   The parties anticipate discovery from percipient witnesses concerning the facts of the incident that gives rise to this action. Expert discovery on proper police practices and the plaintiff's claimed medical diagnosis, treatment and prognosis will also be required.

(c)   The parties are unaware of any electronic discovery issues.

(d)   The parties currently do not contemplate any issues concerning claims of privilege or of protection as trial-preparation material.

(e)   Plaintiff proposes discovery as permitted by the Federal Rules of Civil Procedure and oppose any limitation of discovery related to *Monell* issues.

8.   **Class Actions**

Not applicable.

9.   **Related Cases**

None.

10.   **Relief**

Plaintiff seeks special damages in an amount in excess of $25,000, general damages of $1,000,000, punitive damages against the individual officer and attorneys fees, injunctive relief against SFPD policies, state statutory damages and the cost of suit.

11. **Settlement and ADR**

The parties have agreed to mediation. Plaintiff is amenable to mediation after the completion of written discovery and the depositions of the named defendants.

12. **Consent to Magistrate for All Purposes**

Defendants have declined to consent to have a magistrate judge conduct further proceedings.

13. **Other References**

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

Plaintiff opposes the bifurcation of Monell discovery.

15. **Expedited Schedule**

Plaintiff does not believe an expedited schedule is appropriate.

16. **Scheduling:**

<u>Plaintiff's Proposed Schedule</u>

| | |
|---|---|
| Close of Regular Discovery: | January 30, 2009 |
| Deadline for Filing Dispositive Motions: | February 16, 2009 |
| Expert Disclosure: | February 9, 2009 |
| Rebuttal Expert Disclosure: | February 23, 2009 |
| Close of Expert Discovery: | March 1, 2009 |

<u>Joint Proposed Dates</u>

| | |
|---|---|
| Pretrial conference: | May __, 2009 |
| Trial: | June __, 2009 |

17. **Trial**

The parties request a trial by jury. They expect the trial will last ten to 14 days.

18. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff and the individual defendants have filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16. Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report. By the terms of Rule 3-16, defendants City and County of San Francisco and Heather Fong, sued in her official capacity, are exempt from the certification requirement.

Dated: April 2, 2008

                                  LAW OFFICES OF JOHN L. BURRIS

                                  By: ____/s/_____
                                       ADANTÉ D. POINTER
                                       Attorneys for Plaintiff