UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD YAMOAH,                                   Case No. C-07-06336 JCS

          Plaintiff(s),

                                                **FINAL PRETRIAL ORDER**

    v.

CITY AND COUNTY OF SAN FRANCISCO, ET AL,

          Defendant(s).
_____/

Following a pretrial conference held on **October 30, 2009,**

IT IS HEREBY ORDERED THAT:

Except as modified by this Order, the Court adopts the parties' Proposed Joint Pretrial Order as an order of the Court.

A.      Trial will commence on **November 10, 2009**, **at 1:30 p.m.,** in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California, and will last **four (4) days**. Trial days will be from 8:30 a.m. to 2:30 p.m., with a 15-minute break at 10:30 a.m. and a 45-minute lunch break at noon.  Each side shall have 7 hours in which to present the direct examination of its witnesses and the cross-examination of the opposing party's witnesses, including all objections and other time spent in front of the jury.  Each side shall have up to thirty minutes to present an opening statement and up to thirty minutes for a closing argument.

B.      All witnesses, other than client representatives and expert witnesses, are excluded from the trial.

C.      After recent stipulations by the parties, the only remaining parties are Plaintiff and Defendants Kasper and Kristal, and the only claims to be tried allege excessive force by these

defendants (1) in violation of section 1983; (2) in violation of California Civil Code section 52.1; (3) which constitutes a battery; and (4) which constitutes intentional infliction of emotional distress.

    D.    Not later than the first day of trial, the parties shall a file a joint one paragraph statement of the case to be read by the Court during Voir Dire. Not later than the first day of trial, the parties shall prepare a new agreed upon verdict form. The Court will read 9th Circuit model instructions 1.1-1.3, 1.6-1.14, 1.16-1.19, 2.7, 2.7, and 2.11-2.13 before opening statements.

    E.    Motions in Limine: for the reasons stated on the record, the Court rules as follows:

        1.    Defendants' Motion in Limine No. 1 to exclude is GRANTED as follows:

            a.    Reference to, and testimony and documents from the OCC proceedings related to this matter are excluded (other than for impeachment) as irrelevant, and because the danger of jury confusion and prejudice substantially outweighs any minimal probative value;

            b.    Reference to, and testimony and documents concerning any misconduct by any non-defendant officers are excluded (other than for impeachment of expert witnesses without reference to any identifying information regarding the events) as irrelevant, and because the danger of jury confusion and prejudice substantially outweighs any minimal probative value. No reference may be made to the recent BART shooting case.

            c.    Reference to, and testimony and documents regarding defendant Kristal's separation from SFPD (other than the fact of his retirement) is excluded as irrelevant, and because the danger of jury confusion and prejudice substantially outweighs any minimal probative value. No such evidence may be referred to in front of the jury until a proffer has been made, outside of the hearing of the jury, regarding the reasons for separation and their relevance to this case, and the Court rules on the proffer.

            d.    Reference to, and testimony and documents regarding any defendants' alleged substance abuse is excluded as irrelevant, and because the

United States District Court
For the Northern District of California

1 danger of jury confusion and prejudice substantially outweighs any
2 minimal probative value, and no such evidence may be referred to in
3 front of the jury until a proffer has been made, outside of the hearing
4 of the jury, regarding the basis for such allegations and their relevance
5 to this case, and the Court rules on the proffer.

6  2.  Defendants' Motion in Limine No. 2 to exclude undisclosed evidence is
7 DENIED in part. Other than treating physicians and medical records, Plaintiff
8 may only use such evidence if it is on the pretrial witness or exhibit list, and,
9 if asked for in discovery or required to be disclosed under Rule 26, has been
10 disclosed or was otherwise known to Defendants during the discovery period.

11  3.  Defendants' Motion in Limine No. 3 to exclude evidence of violation of Civil
12 Code section 52.1 is DENIED in part. No reference may be made to, and no
13 evidence admitted, regarding any alleged violations of Plaintiff's first
14 amendment rights.

15  4.  Defendants' Motion in Limine No. 4 to exclude is GRANTED in part as
16 follows:

17   a.  Plaintiff may not call any expert witness and may not elicit any expert
18 testimony from any non-expert witness, including Plaintiff;

19   b.  Plaintiff may call his treating physicians (if already listed in the
20 proposed pretrial order), but they may only offer lay testimony and
21 may not offer any medical opinions or any testimony based on
22 specialized medical knowledge, including expert observations,
23 diagnosis, prognosis, and causation of injury.

24   c.  Admissibility of medical records is RESERVED. In general,
25 documents must be authenticated and the foundation for their
26 admission made through the testimony of a sponsoring witness. In
27 addition, no expert testimony may be introduced by plaintiff through
28 medical records.

        d.      Plaintiff may offer lay testimony about the injury to his shoulder, and its affects on him.  However, no evidence may be offered by Plaintiff of his shoulder surgery because there is no admissible expert testimony that the surgery was caused by the events in this case.

    5.    Defendants' Motion in Limine No. 5 is GRANTED.

    6.    Defendants' Motion in Limine No. 6 is GRANTED.

    7.    Defendants' Motion to bifurcate trial on the amount of punitive damages is GRANTED.

    8.    Defendants' Motion to strike is DENIED.

F.    Be on time and prepared with witnesses.  If the party then presenting its case does not have its next witness present at any time, it will be deemed to have rested that portion of its case (e.g. case in chief, rebuttal).

G.    Notices of witnesses and documents: At the close of each trial day, each party must disclose to the other parties the witnesses to be called on direct examination for the following 2 days, and the Exhibit numbers of the documents that it plans to use on direct (other than for impeachment).  The first such disclosure must occur on November 10, 2009.  Within 24 hours of such disclosure, the opposing party shall provide the exhibit numbers of the documents to be used in cross of the witnesses (other that for impeachment). No Party will be allowed to call witnesses or use documents other than those that have been previously disclosed both in the Pretrial Conference Statement, and in the daily witness lists. On or before November 10, 2009 at noon, both sides shall disclose all documents and demonstratives that they intend to use in opening statements.

IT IS SO ORDERED.

Dated: November 3, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge