**United States District Court**
For the Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    EDWARD YAMOAH,                         No. C-07-6336 JCS

8              Plaintiffs,

9         v.

10   CITY AND COUNTY OF SAN
     FRANCISCO., et al.,
11
               Defendants.
12   _____/

13

14            **COURT'S PROPOSED JURY INSTRUCTIONS**

15

16

17   Dated: November 17, 2009

18                                    _____

19                                    JOSEPH C. SPERO
                                      United States Magistrate Judge
20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury.   Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 2**

**IDENTIFICATION OF PARTIES AND CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial.  This is a civil lawsuit.  The Plaintiff is Edward Yamoah.  The Defendants are San Francisco Police Officers Jon Kasper and Jason Kristal.  On December 28, 2006, Plaintiff Edward Yamoah was detained by the officers in the Sunset District and then released.

In this case, Plaintiff claims that Defendant San Francisco Police Officers Jon Kasper and Jason Kristal violated his rights when they used excessive force while detaining him.

Plaintiff makes the following claims:

1.      Defendants violated 42 U.S. § 1983 by violating Plaintiff's constitutional rights;

2.      Defendants committed battery against Plaintiff;

3.      Defendants intentionally inflicted emotional distress against Plaintiff.

The Plaintiff has the burden of proving these claims.

The Defendants deny those claims and deny that they did anything wrong.  The Defendant Officers contend that the force that they used to detain Plaintiff was reasonable, was not inflicted for the very purpose of causing him harm, and was used for a legitimate purpose.

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6**

**BURDEN OF PROOF: CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.  You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  7**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only.  As I instructed you during the trial, you may consider that evidence only for the limited purpose I described to you during the trial.

**JURY INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness' memory;

3.      The witness' manner while testifying;

4.      The witness' interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness' testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

United States District Court

For the Northern District of California

11

**JURY INSTRUCTION NO. 11**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

12

**JURY INSTRUCTION NO. 12**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 13**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 14**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 15**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  16**

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

1. The expert's training and experience;

2. The facts the expert relied on; and

3. The reasons for the expert's opinion.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  17**

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  18**

**FAILURE TO DENY OR EXPLAIN ADVERSE EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence.  Failure to explain or deny unfavorable evidence may suggest that the evidence is true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  19**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The Plaintiff brings claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO.  20**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL**

**CAPACITY—ELEMENTS AND BURDEN OF PROOF (42 U.S.C. § 1983)**

In order to prevail on his section 1983 claim against each defendant, the Plaintiff must prove each of

the following elements by a preponderance of the evidence, as to each Defendant:

1.      the defendant acted under color of law; and

2.      the acts of the defendant deprived the plaintiff of his particular rights under the United States

Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of

official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have

stipulated that each Defendant acted under color of law.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has

proved all of the elements he is required to prove under Instruction 23 your verdict should be for the

Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements,

your verdict should be for the defendant.

**JURY INSTRUCTION NO.  21**

**CAUSATION (42 U.S.C. § 1983)**

In order to establish that the acts of Defendants deprived Plaintiff of his particular rights under the United States Constitution as explained in later instructions, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  22**

**PLAINTIFF MUST PROVE INDIVIDUAL CONDUCT BY OFFICERS**

Plaintiff has sued two members of the San Francisco Police Department as Defendants and alleged that each individual violated his rights by using excessive force against him.  You must evaluate the alleged liability of each officer separately.  You are not permitted to hold an individual liable simply because he was present at the scene of the alleged unlawful conduct.  Instead, you may hold a particular individual liable only if you find that Plaintiff has proven that the individual personally participated in the alleged conduct – in other words, that the individual's own conduct violated Plaintiff's rights.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  23**

**FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON –**

**EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful detention.  Here the parties have agreed that the detention of Plaintiff was lawful.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force against the plaintiff. Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.      The severity of the crime or other circumstances to which the officers were responding;

2.      Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.      Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff.

**JURY INSTRUCTION NO.  24**

**LAW ENFORCEMENT OFFICERS ARE NOT REQUIRED TO USE THE LEAST**

**INTRUSIVE DEGREE OF FORCE POSSIBLE**

Law enforcement officers are not required to use the least amount of force possible.  Whether the officers hypothetically could have used less painful, less injurious, or more effective force in obtaining control is not the issue.  The question for you is not whether the officers used the least amount of force possible, but rather whether the force that they did use was reasonable, viewing the facts from the perspective of a reasonable officer in the officers' positions.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  25**

**RE BATTERY BY A POLICE OFFICER**

Plaintiff Edward Yamoah claims that defendants Officer Kasper and Officer Kristal harmed him by using unreasonable force to detain him.

To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1.      That the officer intentionally touched Plaintiff;

2.      That the officer used unreasonable force to detain Plaintiff;

3.      That Plaintiff did not consent to the use of that force;

4.      That Plaintiff was harmed; and

5.      That the officer's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist a police officer unless he or she is using unreasonable force.

In deciding whether the officers used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in those officer's position under the same or similar circumstances. You should consider, among others factors, the following:

(a)      The seriousness of the crime at issue;

(b)      Whether Plaintiff reasonably appeared to pose an immediate threat to the safety of Officers Kasper or Kristal  or others; and

(c)      Whether Plaintiff was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

**JURY INSTRUCTION NO.  26**

**RE ARREST OR DETENTION — USE OF REASONABLE FORCE — DUTY TO SUBMIT**

A peace officer who is making an arrest or detention may use reasonable force to make the arrest or detention, or to prevent escape, or to overcome resistance.

The officer need not retreat or desist form his efforts by reason of the resistance or threatened resistance of the person being arrested or detained.

Where a peace officer is making an arrest or detention and the person being arrested or detained has knowledge, or by the exercise of reasonable care should have knowledge, that he is being arrested or detained by a peace officer, it is the duty of that person to refrain from using force or any weapon to resist the arrest or detention unless unreasonable or excessive force is being used to make the arrest or detention.

However, if you find that the peace officer used unreasonable or excessive force in making the arrest or detention, the person being arrested or detained has no duty to refrain from using reasonable force to defend himself against the use of the excessive force.

**JURY INSTRUCTION NO. 27**

**RE SAN FRANCISCO POLICE DEPARTMENT GENERAL ORDERS**

You have heard evidence about particular general orders and policies of the San Francisco Police Department. The general orders and policies of the San Francisco Police Department guide the conduct of its police officers. If you find that an officer violated a general order or departmental policy, that does not establish that the officer violated a constitutional right. The standard for determining whether an officer violated a plaintiff's constitutional rights is explained in other portions of these instructions.

**JURY INSTRUCTION NO.  28**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff Yamoah claims that Officer Kasper and/or Officer Kristal's conduct caused him to suffer severe emotional distress. To establish this claim, Plaintiff Yamoah must prove all of the following by a preponderance of the evidence:

1.      That Defendant's conduct was outrageous;

2.      That Defendant intended to cause Plaintiff emotional distress; or that defendant acted with reckless disregard of the probability that Plaintiff Yamoah would suffer emotional distress, knowing that Plaintiff Yamoah was present when the conduct occurred;

3.      That Plaintiff Yamoah suffered severe emotional distress; and

4.      That Defendant's conduct was a substantial factor in causing Plaintiff Yamoah's severe emotional distress.

**United States District Court**
For the Northern District of California

29

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO.  29**

**RE "OUTRAGEOUS CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Officer Kasper and/or Officer Kristal's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether the defendant abused a position of authority or a relationship that gave [him/her] real or apparent power to affect Plaintiff Yamoah's interests;

(b) Whether the defendant knew that Plaintiff Yamoah was particularly vulnerable to emotional distress; and

(c) Whether the defendant knew that his conduct would likely result in harm due to mental distress.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  30**

**RE "RECKLESS DISREGARD" DEFINED**

Defendant Officer Kasper and/or Officer Kristal acted with reckless disregard in causing Plaintiff

Yamoah emotional distress if:

1. Defendant knew that emotional distress would probably result from his conduct; or

2. Defendant  gave little or no thought to the probable effects of his conduct.

**JURY INSTRUCTION NO.  31**

**RE "SEVERE EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiff Yamoah is not required to prove physical injury to recover damages for severe emotional distress.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  32**

**RE DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The disability experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages, earnings, and salaries lost to the present time;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

You have heard testimony regarding physical injury to Plaintiff Yamoah.  Plaintiff is not seeking and you are not to award any damages after February 1, 2007, for Plaintiff's physical injuries.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO.  33**

**RE PLEADINGS OR ARGUMENT — NOT EVIDENCE OF DAMAGES**

The amount of damages claimed, either by the written pleadings or in the argument of counsel, must not be considered by you as evidence of reasonable compensation.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO.  34**

**RE DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**JURY INSTRUCTION NO. 35**

**RE NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 36**

**RE PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, determine whether punitive damages should be awarded.  The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. The plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

You may impose punitive damages against one or both of the individual defendants and not others. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Your verdict should indicate whether punitive damages are to be imposed against a defendant, but not the amount of punitive damages.  If punitive damages are awarded, you will determine the amount after hearing additional evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 37**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 38**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief  about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 39**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.